## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

Brian David Strebe,         )
    Petitioner,        )
                    )
v.                    )      1:10cv704 (TSE/TRJ)
                    )
Gene M. Johnson,         )
    Respondent.       )

FEB - 3 2011

CLERK, U.S. ...
ALEXANDRIA, VIRG...

## MEMORANDUM OPINION

Brian David Strebe, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of multiple felonies in the Norfolk Circuit Court. Respondent has filed a Motion to Dismiss with a supporting memorandum of law and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply to respondent's motion. Accordingly, this matter is now ripe for disposition.

For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed. Also pending before the Court is petitioner's renewed motion for an evidentiary hearing, which must be denied.

### I. Background

On March 14, 2007, a jury trial resulted in petitioner's conviction of robbery, use of a firearm in the commission of robbery, impersonating a police officer, abduction, and use of a firearm in the commission of abduction.[1] Case Nos. CR05001956-03 - CR05001956-05, CR06000400-00, CR06000400-01. The opinion of the Court of Appeals of Virginia issued on petitioner's direct

---

[1] An earlier trial resulted in a mistrial on January 19, 2006. Pet., Statement of the Case at 1.

appeal reflects the following underlying facts:

At about 5:00 a.m. on January 23, 2005, Angela Kapoor was working alone in the office of the MD International Inn in Norfolk. A man approached the back lobby window. He held up a badge and identified himself as an officer. He said he was working on a case, and asked if he could view the guest registry. He indicated the suspects he was seeking were in the motel, and wanted to see if they were registered. Kapoor agreed, and admitted the man to the lobby. Kapoor testified she did not find the situation unusual because ' we often have police officers who come looking for people who have outstanding warrants.' At trial, Kapoor identified appellant as the person who presented himself at the motel and identified himself as a police officer performing an investigation.

Standing about three feet from Kapoor, appellant asked her about the security system at the motel, and whether any surveillance cameras or security guards were in place. Kapoor stated that the security cameras were not working and there was no security guard on the premises. Simultaneously, Kapoor was operating the computer to reveal the registry of motel guests. Kapoor and appellant conversed for three to five minutes.

Appellant pulled out a gun and pointed it at Kapoor. He forced her into the back office, had her sit in a chair, and ordered her not to move. Appellant said he wanted the money Kapoor had been preparing for a deposit. Kapoor gave him the money. Appellant asked if there was any money in the lobby. Kapoor replied that there was money in the safe, but she could not access it. Kapoor also said there was money in the cash register, and she gave appellant the key to the register. He threatened to shoot Kapoor in the chest if she moved. Appellant left the back office and went to the cash register. Using the key, he opened the register and took the money inside it.

Appellant returned to the back office and demanded Kapoor's identification. Kapoor got her identification card from her purse and gave it to him. He read Kapoor's address, and had her confirm that it was correct. Appellant recorded Kapoor's address on a card. He ordered her not to move or call the police for thirty minutes, or he would go to her home. Appellant claimed he had someone watching the motel. As appellant left, he appeared to be speaking to someone on the telephone.

After appellant left the office, Kapoor called her husband, Sanjive Kapoor (Sanjive), who arrived within about fifteen minutes and called the police. In the presence of her husband, Kapoor provided the police with a description of the gunman. On the second or third time she repeated her description of the assailant, Sanjive said the description sounded like a person who had worked at the motel. Sanjive obtained the personnel file of appellant, who had worked at the motel in the year 2000, and gave it to Officer Adam Doran. Using the computer in his police cruiser, Doran obtained appellant's photograph. The officer then showed Kapoor the photograph, but instructed her that the person depicted was not necessarily the assailant. Kapoor viewed the photograph for about thirty seconds, then identified him as the perpetrator.

A few hours later, Kapoor went to the police station to give a statement. The police showed her two photographs of appellant. Kapoor identified appellant as the perpetrator.

During the course of the incident, Kapoor was in the gunman's presence for about ten to fifteen minutes. While he [was] taking money from the cash register and writing down her address, Kapoor was looking up and down at the gunman, trying to imprint his image in her mind. Kapoor described her assailant as being five feet eight inches in height with red facial hair and brown rectangular glasses and weighing about 135 pounds. He had been wearing a telephone earpiece, a blue baseball hat, a black leather jacket, and latex gloves. Kapoor estimated the age of the assailant as mid to late twenties. At trial, Kapoor stated her identification of appellant was based upon the physical attributes she had noted during the incident, not upon the photographs she was shown afterwards.

Strebe v. Commonwealth, R. No. 1448-07-1 (Va. Ct. App. Dec. 28, 2007), slip op. at 1 - 3; Resp. Ex. 2.

By Order entered June 20, 2007, petitioner was sentenced to serve an aggregate term of 35 years and 12 months incarceration. Resp. Ex. 1.

Petitioner prosecuted a direct appeal of his convictions to the Court of Appeals of Virginia, which denied his petition for appeal on December 28, 2007. Strebe v. Commonwealth, supra. When

petitioner moved for rehearing, a three-judge panel of the Court of Appeals again denied the petition

on March 16, 2008. Resp. Ex. 3. Petitioner sought further review by the Supreme Court of Virginia,

but his application was refused. Strebe v. Commonwealth, R. No. 080716 (Va. Sept. 8 2008); Resp.

Ex. 4.

On July 8, 2009, petitioner filed a petition for a writ of habeas corpus to the trial court,

making the following claims:

> A.   Denial of the right to a fair trial on the ground that
>       Officer Adam Doran, a prosecution witness, offered
>       perjured testimony.
>
> B.   Denial of the right to a fair trial on the basis of
>       prosecutorial misconduct where:
>
>       1.   exculpatory evidence was not
>             disclosed to the defense, and
>
>       2.   the prosecutor allowed false testimony
>             to go uncorrected.
>
> C.   Denial of the rights to be free of double jeopardy and
>       cruel and unusual punishment by his conviction of
>       robbery, abduction and use of a firearm in the
>       commission of abduction.
>
> D.   Trial and appellate counsel rendered ineffective
>       assistance.
>
> E.   The evidence was insufficient to sustain his
>       convictions.

By Final Order entered October 2, 2009, the trial court denied petitioner's habeas corpus

application. Resp. Ex. 5. The Supreme Court of Virginia subsequently refused a petition for further

review of that result. Strebe v. Johnson, R. No. 092303 (Va. Apr. 21, 2010); Resp. Ex. 6. Petitioner

timely filed the instant application for federal relief pursuant to § 2254 on June 9, 2010,[2] reiterating,

but re-numbering, the same claims he raised in his state habeas corpus proceeding, as follow:

1.    a. Denial of the right to a fair trial on the ground that Officer Adam Doran, a prosecution witness, offered perjured testimony at trial.

       b. Denial of the right to a fair trial on the basis of prosecutorial misconduct where exculpatory evidence was not disclosed to the defense and the prosecutor allowed false testimony to go uncorrected.

2.    Denial of the rights to be free of double jeopardy and cruel and unusual punishment by his conviction of robbery, abduction and use of a firearm in the commission of abduction.[3]

3.    Trial and appellate counsel rendered ineffective assistance in several respects.

4.    The evidence was insufficient to sustain his convictions.

---

[2] A pleading submitted by an unrepresented prisoner is deemed filed when it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Strebe certified that he placed his petition into the prison mailing system on June 9, 2010, and it was received by the Clerk on June 21, 2010. Pet. at 1, 15.

[3] The precise nature of the argument petitioner intends to assert as Claim 2 is unclear. On the face of his form petition, petitioner has expressed Claim 2 as "double jeopardy/cruel and unusual punishment." Pet. at 7. In the appended "Arguments in Support of Petition for Writ of Habeas Corpus" (hereinafter "Arguments"), which amounts to a supporting brief, petitioner in his "Grounds for Relief" summarizes Claim 2 as "Double jeopardy: Petitioner's conviction and sentence for abduction and related firearm charge constituted cruel and unusual punishment violating his 8th Amendment and constitutional right to due process. ... (This ground was presented as [Ground C] in the state habeas proceeding.)" Arguments at 4. However, in his subsequent discussion of the claim, petitioner reiterates only the argument presented on his direct appeal that his convictions of both abduction and using a firearm to commit that offense violated the Double Jeopardy Clause. Id. at 25 - 29. Under these circumstances, it is appropriately assumed, in deference to petitioner's pro se status, that petitioner intends to include both his double jeopardy and his Eighth Amendment arguments in Claim 2 of this petition.

## II. Procedural Bar

On federal habeas corpus review, a state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. Based upon these principles, Claims 1(a), 1(b) and a portion of Claim 2 of this petition are procedurally barred from federal review.

When petitioner raised the substance of Claims 1(a) and 1(b) in his state habeas corpus application as Claims A and B, the trial court expressly found them to be procedurally defaulted, stating as follows:

> In his present petition, Strebe asserts for the first time that his conviction was the product of perjurious testimony, that the prosecution committed misconduct in allowing such testimony to go uncorrected, and that the prosecution failed to disclose exculpatory evidence in accordance with the dictates of Brady v. Maryland, 373 U.S. 83, 87 (1963). However, such a substantive claim could and should have been raised at trial or on direct appeal. See Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974). 'A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction.' Id. Strebe does not assert that he only became aware of such facts following appeal, thus such claims should have been raised at that time. Thus, neither Claim A nor Claim B may be addressed as an independent claim in habeas corpus review, and

must therefore be dismissed in their entirety.

Final Order; Resp. Ex. 5 at 3.[4]

Similarly, when petitioner raised the allegation expressed in Claim 2 that his convictions of

abduction and the related firearms offense constituted cruel and unusual punishment, the trial court

in the state habeas corpus proceeding found this claim to be procedurally defaulted, noting as

follows:

> In his present petition, Strebe also asserts for the first time that his
> conviction of both abduction and the use of a firearm to commit
> abduction under such circumstances amount to cruel and unusual
> punishment under the constitution. However, such a substantive claim
> could and should have been raised at trial or on direct appeal. See
> Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974). 'A
> prisoner is not entitled to use habeas corpus to circumvent the trial
> and appellate processes for an inquiry into an alleged non-
> jurisdictional defect of a judgment of conviction.' Id.   Thus, this
> aspect of Claim C claim [sic] cannot be addressed as an independent
> claim in habeas corpus review, and Claim C must be dismissed in its
> entirety accordingly.

Final Order; Resp. Ex. 5 at 5.

The Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton

constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d

192, 196-97 (4th Cir. 1997). Therefore, the state court's express findings that Slayton barred review

of Claims 1(a) and 1(b) also preclude federal review of those claims. Clanton, 845 F.2d at 1241.

A federal court may not review a procedurally barred claim absent a showing of cause and

prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

---

[4]Because the Supreme Court of Virginia refused further review without comment, the trial court's
was the last reasoned state court decision on the claims, and its reasoning is imputed to the Virginia
Supreme Court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Here, petitioner argues first that his first two claims should not be deemed procedurally defaulted because, although the trial court expressly applied the Slayton bar, it went on to discuss and reject both claims on the merits in the alternative. It is well established, however, that when a state court has ruled in the alternative that a claim is both procedurally defaulted and without merit, a federal court on habeas review should apply the procedural bar. As the Supreme Court has explained,

> [A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. See Fox Film Corp. v. Muller, 296 U.S. 207, 210, 56 S.Ct. 183, 184, 80 L.Ed. 158 (1935). Thus, by applying this doctrine to habeas cases, Sykes[5] curtails reconsideration of the federal issue on federal review as long as the state court explicitly invokes a state procedural bar rule as a separate basis for its decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

Harris, 489 U.S. at 264, n. 10 (emphasis original); see also, Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994), cert. denied, 516 U.S. 1122 (1996) (holding that "where a state court has ruled in

---

[5]Wainwright v. Sykes, 433 U.S. 72, 81 (1977).

8

the alternative, addressing both the independent state procedural ground and the merits if the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."); Ferguson v. Sec'y, Dep't of Corr., 580 F.3d 1183, 1211 (11th Cir. 2009), cert. denied, __ U.S. __, 130 S.Ct. 3360 (2010) ("Additionally, although the court discussed the merits of Ferguson's ... claim, we can still apply the state procedural bar since it couched its discussion of the procedural bar in the alternative."). Therefore, petitioner's contention that the trial court's alternate rulings on his first two claims precludes application of the procedural bar is unavailing.

In both his petition and his reply to the Motion to Dismiss, petitioner also argues that the default of his first two claims was caused by his trial and appellate counsels' ineffective assistance in failing to assign Officer Adam Doran's allegedly perjurious testimony and the prosecution's alleged Brady violation as errors on direct appeal. "[A] claim of ineffective assistance [generally must] ... be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Edwards v. Carpenter, 529 U.S. 446, 452 (2000), quoting Murray v. Carrier, 477 U.S. 478, 489 (1986). Here, petitioner raised claims of counsels' ineffectiveness for failing to challenge Doran's testimony and the prosecutor's performance in his state habeas corpus application, but the trial court rejected those claims on the merits. Resp. Ex. 5 at 22. Moreover, as noted infra in Claim 3(i), that determination was well within the standard of review established by 28 U.S.C. § 2254(d). Therefore, counsels' efforts cannot establish cause for the procedural default of petitioner's claims, Coleman, 501 U.S. at 753-54, and claims 1(a), 1(b), and the cruel and unusual punishment argument included in Claim 2 are procedurally barred from consideration on the merits.

### III. Standard of Review

Where a state court has addressed the merits of a claim raised in a federal habeas petition, a

9

federal court may not grant habeas relief unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at 410.

### IV. Merits

#### A. Claim 2

In Claim 2, petitioner argues that his conviction of robbery, abduction and possession of a firearm while committing abduction violates the prohibition against double jeopardy.[6] When

---

[6]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987). To comply with the exhaustion requirement, the same factual and legal claims raised in the federal petition must first have been argued in the courts of the state where petitioner was convicted. Duncan v. Henry, 513 U.S. 364 (1995). At first glance, it might appear that the claim under discussion was not properly exhausted, as it was not expressed as an error of constitutional dimension in petitioner's Petition for Appeal to the Court of Appeals of Virginia, and no federal constitutional principles or case law were cited. Pet., Att. 2a at 22 - 27. However, a "litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim ... a case deciding such a claim on federal grounds." Baldwin v. Reese, 541 U.S. 27, 32 (2004). So long as the cited case rested its holding on federal law, it makes no

petitioner made this same claim on his direct appeal, the Court of Appeals of Virginia rejected it, stating as follows:

> Appellant argues the trial court should have granted his motion to strike the charges of abduction and using a firearm in the commission of abduction because the detention of Kapoor was merely incidental to the crime of robbery. Abduction is committed by anyone 'who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes the person of another, with the intent to deprive such other person of his personal liberty ....' Code § 18.2-47.
>
> > [O]ne accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, not merely incidental to, the restraint employed in the commission of the other crime.
>
> Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 713-14 (1985). '[T]o constitute an abduction, separate and part from a robbery, the victim's detention must be greater than the restraint that is intrinsic in a robbery.' Cardwell v. Commonwealth, 248 Va. 501, 511, 450 S.E.2d 1146, 152 (1994). Even if the abduction furthers the robbery by allowing the defendant to make an effective escape, the detention involved is not considered inherent in the crime of robbery. See Phoung v. Commonwealth, 15 Va. App. 457, 462, 424 S.E.2d 712, 715 (1992).
>
> In Wiggins v. Commonwealth, 47 Va. App. 173, 177-78, 622 S.E.2d 774, 776 (2005), the defendant ordered a restaurant employee to two different areas of the store to open cash registers, permitting the defendant to steal the money. This Court upheld the defendant's convictions of both robbery and abduction, finding the degree of restraint used in the abduction was greater than the restraint inherent

---

difference whether it was decided by a state or federal court. Id. Here, Strebe in his Petition for Appeal cited the case of Brown v. Commonwealth, 230 Va. 310, 337 S.E. 2d 711 (1985), which dealt exclusively with federal double jeopardy law. Pet., Att. 2a at 22. Therefore, pursuant to this principle, Claim 2 of this petition is exhausted and may appropriately be considered on the merits.

in the robbery. Id. at 189, 622 S.E.2d at 781-82.

> Likewise, the evidence proved appellant's detention of Kapoor was separate and apart from the restraint involved in the robbery. After gaining entrance to the office, appellant pulled out a gun and forced Kapoor to move to the back office. There, he threatened to shoot her and had her remain in a chair. Appellant obtained the deposit Kapoor had been preparing, then the money from the cash register. Appellant ordered Kapoor to remain in the chair for thirty minutes after he left, or he would come to her home. Because the detention of Kapoor was not intrinsic to the robbery appellant committed, the trial court did not err in refusing to strike the abduction charge and the related firearm offense.

Strebe v. Commonwealth, R. No. R. No. 1448-07-1, slip op. at 6 - 7.

The Fifth Amendment provides, in pertinent part, that "[n]o person shall ... be subject for the same offense to be put twice in jeopardy of life or limb." U.S. Const., Amend. V. This guarantee applies to the states through the due process clause of the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 787 (1969). When a defendant is convicted for two crimes based on identical conduct, the Fifth Amendment requires the court to determine "whether the legislature ... intended that each violation be a separate offense." Garrett v. United States, 471 U.S. 773, 778 (1985). If the legislature intended each violation to be a separate offense, multiple punishments do not offend double jeopardy principles. But if the legislature did not intend to punish the same conduct twice, the double jeopardy clause bars multiple punishments for the same offense, thus "prevent[ing] the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983).[7] "When the [double jeopardy] claim is made in relation to state offenses, federal

---

[7]In Blockburger v. United States, 284 U.S. 299 (1932), the Supreme Court articulated what remains the appropriate test to ascertain whether two offenses are the same for double jeopardy purposes. United States v. Dixon, 509 U.S. 688 (1993). To determine whether separate sanctions may lawfully be imposed for multiple offenses arising in the course of a single act or transaction, a court must inquire whether each offense "requires proof of a fact which the other does not." If each

courts are essentially bound by state court interpretations of state legislative intent on this score." Thomas v. Warden, 683 F.2d 83, 85 (4th Cir. 1982). Once a state court has determined the state legislative definition of the crimes at issue in a double jeopardy analysis, "[t]here is no separate federal constitutional standard requiring that certain actions be defined as single or as multiple crimes." Sanderson v. Rice, 777 F.2d 902, 904 (4th Cir. 1985).

In Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711, 713 (1985), the Supreme Court of Virginia considered the intent of the Virginia General Assembly in a situation where a defendant is "accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct." The Brown court concluded that such a defendant was legislatively intended to face "separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime." Id. at 713-714. In this case, the Court of Appeals of Virginia expressly looked to Brown in concluding that Strebe's detention of his victim was separate and apart from the restraint involved in the robbery, in that he forced the victim at gunpoint to move to another office and threatened both to shoot her and to come to her home to make her remain in a chair for thirty minutes. On these facts, the state court reasonably concluded that the detention of petitioner's victim was not intrinsic to the robbery he committed, and that imposition of separate punishments for both offenses was not contrary to the Double Jeopardy Clause or the Supreme Court precedent construing the Clause. Therefore, petitioner's double jeopardy challenge to his convictions is without merit, and Claim 2 warrants no federal relief. Williams, 529 U.S. at 412-13; see Jones v.

---

offense contains a distinct statutory element, the Blockburger test is satisfied, even if there is a substantial overlap in the proof offered to establish the crimes. Whittlesey v. Conroy, 301 F.3d 213 (4th Cir. 2002), cert. denied, 538 U.S. 930 (2003).

Sussex I State Prison, 591 F.3d 707 (4th Cir. 2010) (denying habeas challenge on double jeopardy grounds to Virginia convictions of robbery, abduction and firearms offenses where petitioner instructed his victim and constricted his freedom of movement with force and intimidation).

## B. Claim 3

In his third claim, petitioner argues that he received ineffective assistance of trial and appellate counsel for several reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Controlling precedent teaches that such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. And, in this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the

14

possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. See Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In claim 3(a), petitioner contends that trial counsel rendered ineffective performance when she failed to object to inadmissible and prejudicial evidence. When this same argument was presented in the state habeas corpus proceeding, the trial court thoroughly discussed the applicable Strickland standard, Resp. Ex. 5 at 14 - 17, and then held as follows:

> In Claim D(a), Strebe contends that trial counel was ineffective for failing to 'make obvious, timely, appropriate, and meritorious objections to tainted, inadmissible, and prejudicial evidence forming the basis of the state's case.' (Pet. at p. 25). However, in making such a claim, Strebe has failed to identify the nature of such objections he asserts that counel should have asserted. The failure to proffer is fatal to his claim. See Muhammed v. Warden, 274 Va. 3, 19, 646 S.E.2d 182, 195 (2007) (failure to proffer affidavits regarding testimony witness would have offered is fatal to Strickland claims). Cf. Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir.1996) ('an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced.'). See also Bassette, 915 F.2d at 940-41 (petitioner must allege 'what an adequate investigation would have revealed.'). In light of such a failing, the petitioner has failed to demonstrate the requisite prejudice necessary under Strickland to sustain a claim of ineffective assistance of counsel in a habeas corpus proceeding. Claim D(a) must therefore be dismissed.

Resp. Ex. 5 at 17 - 18. The Supreme Court of Virginia subsequently declined to review the foregoing holding, see Strebe v. Johnson, R. No. 092303, rendering the trial court's decision the last reasoned

state court decision on the issue for purposes of the application of § 2254(d). For the reasons expressed in the state court's order, its rejection of petitioner's present claim was neither contrary to clearly established federal law nor based on an unreasonable determination of the facts, so the same result is compelled here. See Williams, 529 U.S. at 412-13.

In his second allegation of ineffective assistance, petitioner faults his attorney for allowing the testimony of Officer Doran regarding petitioner's identification by the victim to go unchallenged. On state habeas review, this assertion was deemed to be refuted by the record, which establishes that counsel cross-examined Doran regarding his recollection of Kapoor's description by inquiring when and how the officer discovered a notebook he previously had testified was missing. (T.T. 3/13/07, p. 155). As a result, the state court held that Strebe could demonstrate neither the requisite deficient performance nor resulting prejudice that was his burden under Strickland, and the claim was dismissed. Resp. Ex. 5 at 18. Review of the trial record reveals that, as the state court determined, counsel did cross examine Officer Doran concerning his notes regarding the victim's identification of Strebe, and concerning whether he had referred to Strebe as a suspect when he showed the victim Strebe's photograph. T. 3/13/07 at 155 - 57. Because the state court's ruling appropriately applied the controlling authority of Strickland to a reasonable determination of fact, claim 3(b) warrants no federal relief.

In Claim 3(c), petitioner asserts that he was provided with ineffective representation when his counsel "failed to subject the prosecution's case to a proper adversarial testing." The state court rejected this contention on the ground that, as in his first claim of ineffective assistance, Strebe failed to identify what action he believes counsel should have taken to achieve the allegedly absent "proper adversarial testing." Again relying on Bassette, 915 F.2d at 940-41, the state court held that absent

16

such a proffer, a petitioner fails to demonstrate the prejudice required under <u>Strickland</u> to substantiate a claim of ineffective assistance, and accordingly dismissed petitioner's claim. Resp. Ex. 5 at 18 - 19.

Because petitioner has failed to show that the state court's decision was contrary to clearly established federal law or based on an unreasonable determination of the facts, that holding cannot be disturbed in this federal <u>habeas</u> proceeding. <u>See Williams</u>, 529 U.S. at 412-13.

In claim 3(d), petitioner challenges counsel's performance on the ground that she failed to discover exculpatory evidence. When this same argument was made in the state <u>habeas</u> proceeding, the trial court found it to be without merit for the following reasons:

> In Claim D(d), the petitioner maintains that counsel failed 'to utilize available means of discovering exculpatory evidence available, specifically the reports of Detectives Bory and Lewis.' (Pet. at p. 26). In response, trial counsel, Katherine Jensen, Esq., avers that counsel was not entitled to such reports, and that in response to discovery requests, the defense received everything to which they were entitled. Respondent's Exhibit 10, Affidavit of Katherine Jensen. As noted in ¶¶ 25-27, the petitioner's mere speculation that the victim might have made an inconsistent statement in her subsequent interview with Bory and Lewis, does not render the fact that she was interviewed exculpatory, and the existence of such an interview was not something required to be disclosed in discovery. Accordingly, the petitioner cannot demonstrate either the requisite deficient performance of counsel or resulting prejudice under <u>Strickland</u> with regard to Claim D(d), thus the claim must be dismissed.

Resp. Ex. 5 at 19. For the reasons discussed by the state court, petitioner's fourth subclaim of ineffective assistance is without merit pursuant to <u>Strickland</u>, and warrants no federal relief. <u>See Williams</u>, 529 U.S. at 412-13.

Petitioner next contends that counsel rendered constitutionally deficient assistance by failing to impeach prosecution witnesses. On state <u>habeas</u> review, the trial court rejected this argument, as follows:

In Claim D(e), the petitioner contends that counsel failed to 'introduce impeachment evidence against the prosecution's witnesses, allowing their testimony to continue as truthful.' (Pet. at p. 26). Strebe contends that counsel should have questioned the victim's husband at length about his ability to recall details about Strebe based upon his prior employment at the hotel, some time before the offense. (Pet. at p. 27). However, the petitioner fails to assert the nature of the impeachment evidence counsel should have introduced in this regard. In the absence of such evidence, Strebe cannot demonstrate the requisite prejudice under Strickland to support a claim of ineffective assistance. Cf. Bassette, 915 F.2d at 940-41. With respect to Strebe's argument that counsel should have used all of Officer Doran's previous testimony to attack the officer's credibility, the record amply demonstrates that counsel cross-examined Doran effectively on the whereabouts of the notebook he had previously claimed was lost or missing. As Doran's testimony consistently claimed that he recalled Kapoor gave a description and that he recorded it, but was uncertain of the notebook's location, counsel's cross-examination in this respect was reasonable and adequate. Counsel's cross examination of Doran was not required to be perfect, merely reasonable. Poyner v. Murray, 964 F.2d at 1423. A reviewing court 'must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis.' Burket, 208 F.3d at 189. '[E]ven the best criminal defense attorneys would not defend a particular client the same way." Accordingly, Claim D(e) must fail.

Resp. Ex. 5 at 19 - 20. Because petitioner has made no showing that the state court's holding was contrary to clearly established federal law or based on an unreasonable determination of the facts, no federal habeas remedy is appropriate. See Williams, 529 U.S. at 412-13.

In claim 3(f), petitioner argues that his attorney provided ineffective assistance in failing to object to prosecutorial misconduct. The state court on habeas review rejected this position for the following reason:

In Claim D(f), Strebe contends that trial counsel rendered ineffective assistance in failing to object to prosecutorial misconduct, through the prosecution's failure to correct alleged perjurious testimony. As this claim is premised upon the notion that perjured testimony was offered, and that such a suppositions is without merit, see ¶¶ 12-20, the

18

petitioner cannot demonstrate either the necessary deficient performance of counsel or resulting prejudice under Strickland with respect to this claim. Therefore, Claim D(f) must be dismissed.

On federal habeas review, a federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981). Here, then, where the state court concluded as fact that perjurious testimony was not offered at petitioner's trial and that the prosecution thus committed no misconduct in failing to correct it, this court is precluded from making a contrary finding.[8] Petitioner thus cannot establish that he suffered prejudice when no objection to prosecutorial misconduct was interposed, and the state court's rejection of his claim on the authority of Strickland must not be disturbed. Williams, 529 U.S. at 412-13.

In claim 3(g), petitioner faults trial counsel for allowing his rights to due process and a fair trial to be abridged through the admission of irrelevant and prejudicial evidence at trial. The state court on

---

[8]What Strebe characterizes as perjury was the testimony of Officer Doran, who responded to the crime scene. At a pretrial suppression hearing and at the first trial of this cause, Doran stated that he could not recall the contents of notes he made concerning Kapoor's identification of Strebe, and that he no longer knew the whereabouts of the notes. Resp. Ex. 5 at 7. However, at the second trial which resulted in Strebe's conviction, the officer testified in detail as to Kapoor's description of the perpetrator. When asked on cross-examination if he was reading from his notes, Doran stated that he was, and he explained that he had discovered his notebook in his patrol bag and had typed up the notes he took at the crime scene. The trial court on habeas review found that Strebe had proffered no evidence to support his contention that Doran's testimony was perjurious, as that term is defined under Virginia law. See Scott v Commonwealth, 14 Va. App. 294, 297, 416 S.E. 2d 47, 49 (1992). Further, Strebe did not present any evidence to support his contention that the prosecution knowingly used perjured testimony to gain his conviction. Cf. Angelone v. Dabney, 263 Va. 323, 326, 560 S.E.2d 253, 255 (2002). The state court concluded that "Strebe's argument notwithstanding, Doran consistently maintained in each proceeding that he had written the description provided by Kapoor in his notebook. ... Prior to the petitioner's second trial, Doran located the notebook and was able to testify accordingly. ... Consequently, Strebe has established neither that Doran's testimony at trial conflicted with that which was offered previously, nor that such testimony was offered knowingly and intentionally falsely." Id. at 10, record citations omitted.

habeas review of this claim noted that petitioner failed to identify the nature of the evidence about which he complained, and also did not indicate what objections counsel should have made in an effort to keep such evidence from being admitted. In the absence of such allegations, the state court concluded that Strebe had failed to demonstrate either the deficient performance or prejudice required under Strickland to support a claim of ineffective assistance. Resp. Ex. 5 at 21. Because that holding was neither contrary to clearly established federal law, nor based on an unreasonable determination of the facts, no federal relief is warranted on this claim. Williams, 529 U.S. at 412-13.

In Claim 3(h), petitioner contends that the aggregate effect of counsel's cumulative errors undermined the fundamental fairness of his trial. The state court denied this claim on the settled and sensible principle that where individual claims of ineffective assistance are without merit, they cannot collectively amount to a constitutional deprivation. Resp. Ex. 5 at 21 - 22. Because that holding was in accord with clearly established federal law, petitioner is entitled to no relief on his contrary argument. See Fisher v. Angelone, 163 F.2d 835, 852 (4th Cir. 1998) (noting that, where it is determined that none of counsel's actions amounted to constitutional error, "it would be odd, to say the least, to conclude that those same actions, when considered collectively," deprived defendant of a fair trial); Mueller v. Angelone, 181 F.3d 557, 586 n. 22 (4th Cir. 1999) (same).

In Claim 3(i), petitioner charges his appellate counsel with providing ineffective representation for failing to raise the claims of perjury and prosecutorial misconduct asserted in Claims 1 and 2 of this federal petition on direct appeal. Thus, this argument is both a freestanding claim of ineffective assistance on its own, as well as the reason petitioner suggested that his procedural default of Claims 1 and 2 should be excused. When petitioner raised this same in the state habeas proceeding, the state court found to be without merit for the following reasons:

20

In Claim D(i), Strebe asserts that appellate counsel failed to raise 'meritorious issues on appeal or to otherwise provide reasonable and non-prejudicial representation.' (Pet. at p. 31). Specifically, Strebe contends that appellate counsel was ineffective for failing to assert on appeal the claims of perjury and prosecutorial misconduct asserted now in his habeas petition. However, the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. Morrisette v. Warden, 270 Va. 188, 191, 613 S.E. 2d 551, 555 (2005) (citing Jones v. Barnes, 463 U.S. 745, 751-52 (1983)). To the extent that these claims are without merit, appellate counsel cannot be said to have acted unreasonably in failing to pursue them on direct appeal. Strebe can thus not demonstrate the necessary deficient performance under Strickland. Moreover, as the claims are without merit, there is no reasonable probability of a different outcome on appeal, if counsel had raised such issues. Accordingly, Strebe has failed to demonstrate the requisite prejudice necessary under Strickland, to prevail upon this claim in habeas corpus review. Claim D(i) must therefore be dismissed.

Resp. Ex. 5 at 22.

As discussed above, a federal court is constrained to defer to state court findings of fact. 28 U.S.C. § 2254(d); Sumner, 449 U.S. at 546-47. Here, where the state court made factual determinations that the perjury and prosecutorial misconduct petitioner alleges here did not occur, see n. 8, supra, it is apparent that appellate counsel's decision to omit those claims on direct appeal caused petitioner to suffer no prejudice. Accordingly, the state court's determination that the Strickland standard had not been satisfied was correct, and Claim 3 of this petition is without merit. See Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987) (Strickland analysis applies to claims of ineffective assistance on appeal as well as at trial).

### C. Claim 4

In Claim 4, petitioner argues that the evidence was insufficient to sustain his convictions, both because his identification by the victim was suspect and because he presented alibi evidence at trial.

When this same position was asserted on direct appeal, the Court of Appeals of Virginia rejected it for

the following reasons:

> Appellant challenges the sufficiency of the evidence to support his
> convictions because of the unreliability of the identification testimony.
> "On appeal, 'we review the evidence in this light most favorable to the
> Commonwealth, granting to it all reasonable inferences fairly deducible
> therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E. 2d
> 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App., 438,
> 358 S.E. 2d 415, 418 (1987)).

> Appellant presented the alibi testimony of his fiancee, Barbara Johnson.
> Johnson testified that on the night of the incident she and appellant
> retired for the night in their apartment at about 3:00 a.m. The
> Commonwealth introduced rebuttal evidence that Johnson's and
> appellant's cellular telephones exchanged calls after 3:00 a.m. on
> January 23, 2005. Appellant's apartment was located within a few
> minutes drive of the MD International Inn.

> The jury accepted the Commonwealth's evidence, including Kapoor's
> identification testimony, and rejected appellant's alibi defense. 'The
> credibility of the witnesses and the weight accorded to the evidence are
> matters solely for the fact finder who has the opportunity to see and
> hear the evidence as presented.' Sandoval v. Commonwealth, 20 Va.
> App., 133, 138, 455 S.E. 2d 730, 732 (1995).

> As discussed above, the facts and circumstances demonstrated the
> reliability of Kapoor's identification of appellant. Kapoor expressed no
> doubt about her identification. In addition, the Commonwealth
> introduced evidence tending to disprove appellant's alibi. Thus, the
> evidence was sufficient to prove beyond a reasonable doubt that
> appellant was the perpetrator of the offenses at the MD International
> Inn.

Strebe v. Commonwealth, supra, slip op. at 4 - 5.

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence

supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). As noted previously, federal courts must give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner, 449 U.S. at 546-47; see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Thus, the task of federal courts on habeas review of state trials is limited to determining only whether the trier of fact made a rational decision to convict. See Herrera v. Collins, 506 U.S. 390, 402 (1993) (noting that the standard announced in Jackson "does not permit a [federal] court to make its own subjective determination of guilt or innocence"). Here, for the reasons expressed by the Court of Appeals of Virginia, it is apparent that petitioner's convictions withstand scrutiny under Jackson. Accordingly, the fourth claim of this federal petition is without merit, and must be dismissed.

## V. No Evidentiary Hearing is Required

Incorporated within petitioner's Reply to Respondent's Motion to Dismiss is a renewed motion for an evidentiary hearing in this action. A federal court must grant an evidentiary hearing to a habeas applicant where: (1) the merits of the factual dispute were not resolved in a state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas petitioner a full and fair fact hearing. Townsend v. Sain, 372 U.S. 293, 313 (1963). As petitioner's

23

claims can be thoroughly addressed on the existing record, and because he is not entitled to further evidentiary development of his claims pursuant to any of the <u>Townsend</u> factors, petitioner's request for an evidentiary hearing is without merit and will be denied. <u>Conaway v. Polk</u>, 453 F.3d 567, 582 (4th Cir. 2006) (noting that a habeas petitioner is entitled to an evidentiary hearing in federal court if he can establish one of the six factors enumerated in <u>Townsend</u>); <u>cf. Green v. Johnson</u>, 431 F. Supp.2d 601, 608-17 (E.D. Va. 2006) (granting an evidentiary hearing where a petitioner's mental impairments remained disputed, and he was not afforded a full and fair hearing in state court to resolve the disputes).

## VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed. An appropriate Order shall issue.

Entered this ___3^{rd}___ day of ___February___ 2011.

Alexandria, Virginia

_____
T. S. Ellis, III
United States District Judge